IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LEWIS,

    Petitioner,               No. 2:11-cv-2072 KJN P

    vs.

C. GIBSON, Warden,

    Respondent.          ORDER

_____/

        Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Review of the petition indicates that it is "mixed," because it contains both exhausted and unexhausted claims. The exhaustion of state court remedies is a prerequisite to the proper filing a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor,

1  404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert</u>. <u>denied</u>, 478
2  U.S. 1021 (1986).  Plaintiff avers that he has exhausted, on direct appeal, his claims numbered
3  one, two, four and five.  However, plaintiff states that he is the process of exhausting his third
4  claim, pursuant to a petition for writ of habeas corpus filed in the California Supreme Court on
5  June 16, 2011; that petition was still pending when petitioner initiated this case on August 4,
6  2011.

7        The United States Supreme Court has held that a federal district court may not
8  entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with
9  respect to each of the claims raised.  <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).  A mixed petition
10 containing both exhausted and unexhausted claims must generally be dismissed, with leave to
11 file an amended petition containing only exhausted claims.  Alternatively, under <u>Rhines v.</u>
12 <u>Weber</u>, 544 U.S. 269 (2005), a district court may, in limited circumstances, stay a mixed petition
13 pending exhaustion of unexhausted claims if:  (1) "the petitioner had good cause for his failure to
14 exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication
15 that the petitioner engaged in intentionally dilatory litigation tactics."  <u>Rhines</u>, 544 U.S. at 278.
16 Granting a stay under these circumstances requires that reasonable time limits be imposed.  <u>Id.</u> at
17 277-78.

18       Petitioner will be granted thirty days to file a request for stay in this action.  The
19 request must address each <u>Rhines</u> factor, set forth above.  Thereafter, the court will determine
20 whether to stay this action pending a decision by the California Supreme Court on petitioner's
21 third claim, or whether to dismiss the instant petition with leave to file an amended petition that
22 raises only exhausted claims.

23       Finally, petitioner has requested the appointment of counsel.  There currently
24 exists no absolute right to appointment of counsel in habeas proceedings.  <u>See</u> <u>Nevius v. Sumner</u>,
25 105 F.3d 453, 460 (9th Cir. 1996).  While 18 U.S.C. § 3006A authorizes the appointment of
26 counsel at any stage of a habeas case "if the interests of justice so require," <u>see</u> Rule 8(c), Fed. R.

Governing § 2254 Cases, the court does not find that the interests of justice require appointment of counsel at the present time in this action. On the other hand, if the attorney whom petitioner names does indeed wish to represent plaintiff on a pro bono basis, as a member of this court's pro bono panel, both petitioner and counsel should submit a joint request to that effect, with an explanation why such appointment would serve the interests of justice.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Dkt. No. 2) is granted;

2. Petitioner's motion for appointment of counsel (Dkt. No. 3) is denied without prejudice; and

3. Petitioner shall file, within thirty days after the filing date of this order, a request to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005).

DATED: August 19, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lewi2072.100.mix.cnsl