IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LEWIS,

        Petitioner,                      No. 2:11-cv-2072 KJN P

    vs.

C. GIBSON, Warden,

        Respondent.                ORDER

_____/

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 22, 2011, petitioner was granted thirty days within which to request a stay of this action pending the exhaustion of one of his claims in the state courts. (See Dkt. No. 6.) Petitioner's unexhausted claim is that he was allegedly denied his constitutional rights under the Sixth Amendment's Confrontation Clause, "when Nurse Schmidt testified as to the contents of the report prepared by Nurse Tilden, who was unavailable for cross-examination" (Dkt. No. 1 at 7 (Claim Three)); petitioner also alleges that his trial counsel was ineffective on this basis (see Dkt. No. 7.)

        On August 31, 2011, petitioner timely filed a request to "stay and abey" this action based on the factors set forth in Rhines v. Weber, 544 U.S. 269 (2005). Pursuant to Rhines, petitioner has demonstrated the appropriateness of staying his "mixed" habeas petition

pending the state court exhaustion of his third claim because there was good cause for petitioner's failure to earlier exhaust the claim (failure of appellate counsel to raise the claim on appeal); the claim is potentially meritorious; and petitioner has not been intentionally dilatory in exhausting the claim.  See Rhines, 544 U.S. at 278.

Accordingly, for good cause shown, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay this action (Dkt. No. 7) is granted;

2. This action is stayed pending the exhaustion of state court remedies as to petitioner's third claim;

3. Petitioner is directed to file in this court, within thirty days after the California Supreme Court issues a final order resolving the above-noted claim, the following:  (1) a motion to lift the stay; (2) a request to file an amended petition for writ of habeas corpus; and (3) a proposed Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254;

4. Petitioner is cautioned that failure to timely comply with this order may result in the denial of his motion to file an amended habeas corpus petition; and

5. The Clerk of the Court is directed to administratively close this case.

DATED:  September 13, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lewi2072.stay